IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CAROLYN McCOLLOUGH,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Commissioner,
Social Security Administration,

    Defendant.

Civil Action No. 7:12-cv-37(HL)

ORDER

Plaintiff Carolyn McCollough filed a claim for disability benefits under the Social Security Act, alleging that she was disabled as a result of physical and/or mental impairments. McCollough's application was denied throughout the administrative appeals process, and McCollough brought the present action to appeal the administrative decision. On February 5, 2013, this Court remanded the claim to the Commissioner for further proceedings.

Remanding the case for further proceedings implies that McCollough prevailed in this action under the Equal Access to Justice Act ("EAJA"). Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625 (1993). As the prevailing party, McCollough is entitled to attorney's fees. Her motion for fees is discussed below.

    I.    **DISCUSSION**

The Equal Access to Justice Act ("EAJA") requires a court to "award to a prevailing party … fees and other expenses … incurred by that party in any civil

action … including proceedings for judicial review of Agency action, brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, there are four elements under the EAJA that determine whether attorney's fees should be awarded: (1) the moving party must be the prevailing party in a civil action against the United States; (2) the plaintiff must file the application for fees within thirty days of the final judgment; (3) the position of the government was not substantially justified; and (4) there are no special circumstances making an award unjust. <u>Whittington v. Colvin</u>, 1:10-cv-131, 2013 WL 1403222 at *1 (Sands, J.) (M.D. Ga. April 5, 2013).

In this case, the parties do not dispute that McCollough is the prevailing party, that the application was timely filed, or that McCollough disputes her claim on the grounds of substantial justification. However, the parties do dispute the number of hours that are reasonably claimed by McCollough's attorneys for representation in the present action.

McCollough's counsel claims a total of 52.1 hours for the work completed in this action.[1] The Commissioner urges the Court to look closely at the Motion for Fees for two primary reasons. First, the Commissioner argues that 52.1 hours is an excessive amount of time to spend on what the Commissioner characterizes as neither a unique nor a complex case. (Doc. 26, p. 3.)

---

[1] Counsel claims 48.60 hours in their original motion and claims an additional 3.5 hours in their reply brief for time spent preparing the brief.

Specifically, the Commissioner argues that it was unnecessary to have two attorneys, Charles Martin and Michael Phillips, working on McCollough's case. The Commissioner contends that work done by these attorneys is duplicative, especially because Martin claims twenty-eight years of experience in Social Security law and Phillips boasts sixteen years of experience in the area. According to the Commissioner, this experience means that McCollough's counsel should have been able to resolve the case in less than 52 hours. Second, the Commissioner argues that the amount of time spent working on the case prior to the filing of the complaint is excessive. The Commissioner maintains that the 2.5 hours spent by Martin and Phillips reviewing the case for merit to appeal to the district court is excessive.

After review, the Court finds that the hours submitted by attorneys Phillips and Martin are not as excessive as the Commissioner suggests. However, there are some items on the time sheet submitted by Phillips and Martin that trouble the Court. (Doc. 25-3.) For example, on May 25, 2012, Martin claims .20 hours for a line item which reads: "Assign drafting of brief or memo., DC brief – final revisions. GAMD. Assigned to Michel." The Court finds it hard to believe that final revisions of a brief were completed when the time sheet reflects that the brief had not yet been written. The same applies to the .20 hours spent on August 23, 2012 for final revisions to the reply brief, which was not written until August 27 and 28. Thus, the Court finds that .40 should be deducted from the total number of hours claimed by counsel.

As to the hours claimed by attorneys Phillips and Martin for work completed prior to filing the case in district court, the Court finds that the hours should be reduced. It is true that the Eleventh Circuit has suggested that a plaintiff may recover fees under the EAJA before the filing of an action when the hours are "linked to the preparation of the civil action in federal court." Pollgreen v. Morris, 911 F.2d 527, 534-36 (11th Cir. 1990); see also Caylor v. Astrue, 769 F. Supp. 2d 1350, 1352-53 (M.D. Fla. 2011). However, the Court finds the 1.5 hours spent by Phillips and the 1.0 hours spent by Martin to be duplicative. Thus, the total number of hours should be reduced by 1.5.

Based on the reasoning stated above, the Court finds that McCollough's counsel is entitled to attorney's fees for 50.2 hours of work performed. At a rate of $186.39, this amounts to $9,356.78 due to Plaintiff's counsel for work performed.

**SO ORDERED**, this 6th day of June, 2013.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebrs